UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **LORI ELAINE BOWERS** § | | |
| § | | |
|    **Plaintiff** § | | |
| § | | |
| **v.** § | | |
| § | | |
| **CLEANAIRE, INC., d/b/a PAMLICO** § | **CIVIL ACTION NO. 7:21-cv-95** | |
| **AIR, INC.** § | | |
| § | | |
|    **Defendant** § | **JURY TRIAL DEMANDED** | |

## ORIGINAL COMPLAINT

Plaintiff Lori Elaine Bowers ("Bowers" or "Plaintiff") files this complaint against Defendant CleanAire, Inc. d/b/a Pamlico Air, Inc. ("Pamlico" or "Defendant") and would show as follows:

### I.

### PARTIES

1.1   Plaintiff is a 56-year-old white female.

1.2.   Defendant CleanAire, Inc. d/b/a Pamlico Air, Inc. is a Foreign For-Profit Corporation, authorized to do business in Texas and currently doing business at 2801 Production Blvd., Wichita Falls, Texas 76302.  Pamlico is organized under the laws of Delaware and may be served through its Registered Agent, Cogency Global, Inc. located at 1601 Elm Street, Suite 4360, Dallas, Tx 75201.

### II.

### JURISDICTION AND VENUE

2.1.   Jurisdiction on Plaintiff's federal law claims is conferred on this Court by 28 U.S.C. '1331 and by 28 U.S.C. '1367 on her Texas law claim.

2.2. Venue for all causes of action is appropriate in this District and Division because all of the events and omissions giving rise to Plaintiff's claims made in this Complaint took place within this District and Division pursuant to 28 U.S.C. '1391.

### III.

### FACTS

3.1. Plaintiff was employed by Pamlico from January 4, 2021 until her summary termination on March 25, 2021.

3.2. During the first three months of Plaintiff's employment, her salary was $45,000 per annum. Defendant agreed to raise Plaintiff's salary to $50,000 per annum upon her completion of the first three months of her employment.

3.3. Plaintiff held the position of Production Supervisor and has over 25 years' experience as a Manufacturing supervisor.

3.4. During Plaintiff's first week of employment with Defendant, Defendant's Operating Manager, Mike Parsons ("Parsons") told Plaintiff that she would be moved to First Shift after he moved the current supervisor to the shipping area. Plaintiff expressed her gratitude and interest in this position since it aligned with her experience and had a much greater earning potential.

3.5. In February 2021, Defendant appointed a younger African American female, age 23, and promoted a white female, age 25, to the positions of Production Supervisors. These positions were not posted in the plant for all employees to bid upon. Neither of these two individuals have previous manufacturing supervision experience. Plaintiff, at the time, had over 25 years' experience from her employment with Howmet Aerospace. Plaintiff was expected to supervise the entire department, as the two younger females split the department duties and were paid a higher starting salary each of $46,000 per annum, which was more than Plaintiff was making, who had 25 years of

manufacturing supervisor experience. Plaintiff was then expected to train the two younger females on computer skills to perform their job functions.

3.6. On March 9, 2021, Plaintiff complained to Human Resources ("HR") manager Heather Looney ("Looney") who encouraged Plaintiff to pursue her complaint to Parsons, as well as the owner of the company ("Kevin") about the unfair promotion of the two inexperienced and younger females.

3.7. After Plaintiff made her complaint, Defendant's Plant Manager, George Anderson ("Anderson") began harassing and intimidating Plaintiff because she had questioned these promotions over her.

3.8. Plaintiff complained of Anderson's harassment, and Parsons proposed that the company have a mediation with her to discuss the issues regarding the promotion of these two younger individuals. Although Plaintiff was willing to attend a mediation to resolve these issues, no mediation ever took place.

3.9 Instead, on March 19, 2021, Plaintiff received a phone call from Looney informing Plaintiff that she was being demoted to a lead position. This was an hourly job paying $16 per hour. When Plaintiff learned that she was being demoted to an hourly position, Plaintiff exclaimed that this assignment was in retaliation for her reporting Anderson, the Plant Manager, for harassment, and for questioning his promotions of the two younger girls to a position in which she had expressed interest.

3.10 On March 17, 2021, two days before calling Plaintiff to inform her of the demotion, Defendants had posted Plaintiff's job online.

3.11 Looney responded that Plaintiff was being demoted because of low production numbers. Plaintiff immediately replied that this was retaliation for her earlier complaint, because

there was no such documentation on file, and Plaintiff's productivity had never been previously discussed.

    3.12.    On March 22, 2021, Plaintiff met with Anderson and Looney to discuss these issues. Nothing was resolved. After the meeting, Anderson told Plaintiff to leave and to file all the claims she wanted to, and that he would let Plaintiff know Legal's decision. Plaintiff understood this to mean that she was to go home and wait for a decision about her employment from Defendant's Legal Department.

    3.13    Plaintiff filed a complaint, and texted Looney and Parsons stating she had done so. Each day Plaintiff telephoned and texted Looney and Parsons to find out if Legal had made a decision regarding her complaint.

    3.14    Plaintiff received no response to her texts or calls inquiring about Legal's decision. During this time, Defendants removed Plaintiff from the "Paycor" website. Plaintiff texted Defendant inquiring about this action and whether or not she had been terminated.

    3.15    On March 25, 2021, Plaintiff received a phone call from Looney stating she was terminated for job abandonment. Plaintiff was replaced by the 25-year-old female, a subject of Plaintiff's complaint.

## IV.

## FIRST CAUSE OF ACTION

**Discrimination in Violation of the ADEA and Chapter 21 of the Texas Labor Code**

    4.1.    The foregoing paragraphs are incorporated as though fully set forth herein.

    4.2    Plaintiff would show that Defendant violated the Age Discrimination in Employment Act ("ADEA") and Chapter 21 of the Texas Labor Code by discriminating against Plaintiff because of her age.

4.3    Plaintiff is accordingly entitled to recover damages for back pay, front pay, other past and future pecuniary losses, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life and other non-pecuniary losses, and on account of the intentional or reckless nature of the Defendant's discrimination and retaliation, punitive damages.  Plaintiff is further entitled to recover attorneys' fees and costs of court.

## V.

## SECOND CAUSE OF ACTION

**Retaliation in Violation of the ADEA and Chapter 21 of the Texas Labor Code.**

5.1.    The foregoing paragraphs are incorporated as though fully set forth herein.

5.2    For a second cause of action, Plaintiff would show that Defendant Retaliated against Plaintiff for her protected activity of complaining of age discrimination in violation of the ADEA and Chapter 21 of the Texas Labor Code.

5.3    Plaintiff is accordingly entitled to recover damages for back pay, front pay, other past and future pecuniary losses, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life and other non-pecuniary losses, and on account of the intentional or reckless nature of the discrimination and retaliation, punitive damages.  Plaintiff is further entitled to recover attorneys' fees and costs of court.

## VI.

## JURY DEMAND

6.1.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays that she be granted all relief to which she is entitled.

September 29, 2021                              Respectfully submitted,

**KILGORE & KILGORE, PLLC**

/s/ *Nicholas A. O'Kelly*
Nicholas A. O'Kelly
State Bar No.15241235
**Kilgore Law Center**
3109 Carlisle Street
Dallas, Texas 75204
(214) 969-9099 - Telephone
(214) 953-0133 - Facsimile
nao@kilgorelaw.com

**ATTORNEY FOR PLAINTIFF
LORI ELAINE BOWERS**